**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cr-00041-RCJ-LRL-1 |
| vs. | ) | |
| | ) | |
| CHAD CHRISTOPHER MIKITAROFF, | ) | **ORDER** |
| Defendant. | ) | |

Defendant Chad Mikitaroff asks the Court to correct his sentence pursuant to either Criminal Rule 33(b) or 22 U.S.C. §2255. For the reasons given herein, the Court denies the motion.

## I. PROCEDURAL HISTORY

On May 29, 2002, Defendant Chad Mikitaroff was sentenced by Judge Thomas D. Nelson in the District of Idaho to fifty-one (51) months imprisonment, to be followed by three (3) years of supervised release, for conspiracy to distribute controlled substances. (*See* J., May 29, 2002, ECF No. 7-2). The case was assigned number 2:08-cr-41 upon transfer of supervision to this District. On July 21, 2008, this Court found Defendant to have violated the terms of his supervised release and sentenced him to eighteen (18) months imprisonment, with no supervision to follow. (*See* J., July 21, 2008, ECF No. 15). The Court had found, *inter alia*, that Defendant violated the terms of his supervised release by committing another federal crime, felon in

possession of a firearm, for which Defendant was later indicted in this District. (*See* Indictment, Oct. 29, 2008, ECF No. 1 in Case No. 2:08-cr-285). The '285 Case was assigned to Judge Dawson, who adjudicated Defendant guilty pursuant to a plea agreement and sentenced him to thirty-seven (37) months imprisonment, to be served concurrently with the sentence in the '41 Case, and to be followed by three (3) years of supervised release. (*See* J., July 27, 2009, ECF No. 30 in Case No. 2:08-cr-285).

Plaintiff filed the present Motion to Correct Sentence Under Plea Agreement in both the '41 Case and the '285 Case. On December 18, 2012, Judge Hunt revoked Defendant's supervised release in the '285 Case and sentenced him to eight (8) months imprisonment, to be followed by twenty-eight (28) months of supervised release. (*See* J., Dec. 18, 2012, ECF No. 48).

**II.  DISCUSSION**

Defendant does not ask the Court to correct or amend its own sentences in either case but in substance asks the Court to issue a writ of mandamus ordering the Bureau of Prisons ("BOP") to release him on a particular date. That is, he argues that the BOP "is going to hold me for longer than the 37 months I agreed to [in the initial sentencing in the '285 Case]." Defendant argues that he was under the impression that his thirty-seven-month sentence in the '285 Case would outlast the eighteen-month sentence he was then serving after revocation of his supervised release in the '41 Case, but that it now appears to him that the eighteen-month sentence may somehow exceed the thirty-seven month sentence.

The Court denies the motion. Defendant does not indicate why he believes that the BOP has calculated his eighteen-month sentence in the '41 Case to run longer than the thirty-seven-month sentence in the '285 Case. As the United States correctly notes in opposition, a district court has no authority to review the BOP's calculations except via a habeas corpus petition under 28 U.S.C. § 2241 after a prisoner exhausts his administrative remedies, which Defendant does not allege. Also, a defendant receives no credit for time served for a given offense if already

1  detained during that time period for conviction under a separate offense, as here, because he has
2  necessarily received credit against the first sentence before sentencing for the later offense.
3  *See* 18 U.S.C. § 3585(b).
4      In any case, the present motion is moot.  The eighteen-month sentence in the '41 Case has
5  run, having been imposed almost sixty months ago.  The thirty-seven-month sentence in the '285
6  Case also ran while the present motion was pending, having been imposed almost fifty months
7  ago.  Defendant is currently incarcerated only due to his violation of the terms of supervised
8  release in the '285 Case.

## CONCLUSION

10      IT IS HEREBY ORDERED that the Motion to Correct Sentence Under Plea Agreement
11  (ECF No. 19) is DENIED.
12      IT IS FURTHER ORDERED that the Clerk shall enter a copy of this Order into the
13  docket in Case No. 2:08-cr-285.
14      IT IS SO ORDERED.
15  DATED:  This 7th day of March 2013.

_____
ROBERT C. JONES
United States District Judge